**FLITTER MILZ, P.C.**          ATTORNEYS FOR PLAINTIFFS
CARY L. FLITTER              AND THE CLASSES
ANDREW M. MILZ
JODY T. LÓPEZ-JACOBS
1814 East Route 70, Suite 350
Cherry Hill, NJ 08003
(856) 396-0600

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASIA SHERIDAN, and SHANEMA DAVIS, *on behalf of themselves and all others similarly situated,* <br><br> Plaintiffs, <br><br> vs. <br><br> VALLEY NATIONAL BANK, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 2:24-cv-06791-ES-JRA <br><br><br> **SECOND AMENDED CLASS ACTION COMPLAINT** |

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Sheridan filed an individual action in Superior Court on February 26, 2024 at MID-L-1268-24. Plaintiffs Sheridan and Davis thereafter filed an Amended Class Action Complaint in Superior Court on April 1, 2024, before Defendant filed any answer or motion to dismiss. On June 6, 2024, Defendant filed a Notice of Removal to this Court. Jurisdictional discovery ensued. On December 30, 2024, Defendant filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), raising for the first time what it believes are substantive deficiencies in the Amended Class Action Complaint. See ECF 36.

Plaintiffs believe they can amend to cure any deficiencies averred. Defendant contends that Plaintiffs' Amended Class Action Complaint filed in state court before any answer or motion to dismiss constitutes Plaintiffs' general amendment "as of right" under Fed. R. Civ. P. 15. In light of the fact that this proposed "Second Amended Class Action Complaint" is the first-filed

complaint in this Court and the first opportunity to address Defendant's concerns as raised in its Motion to Dismiss, Plaintiffs believe that this amended pleading is allowable as of right.[1] In the event it is not, Plaintiffs are prepared to promptly seek leave to amend under Fed. R. Civ. P. 15 to assert the claims as set forth herein.

Regardless, neither the Amended Class Action Complaint nor this Complaint pleads the requisite concrete injury required for federal subject matter jurisdiction under Article III of the U.S. Constitution. As such, the proper course is to remand the matter to Superior Court of New Jersey, Middlesex County, where the action commenced.

## I.    **<u>INTRODUCTION</u>**

1.    This is a consumer class action arising under the Uniform Commercial Code ("UCC"). The UCC requires secured parties who utilize self-help repossession to provide consumers with proper notice when repossessing and reselling a financed vehicle. Defendant has failed to do so.

2.    Defendant Valley National Bank ("Valley" or the "Bank") regularly enters into finance agreements secured by motor vehicles purchased for consumer use.

3.    When Valley believes that a consumer has defaulted on a secured vehicle loan, it repossesses and then re-sells the vehicle. In the course of so doing, Valley has acted in a commercially unreasonable manner and has failed to provide Plaintiffs and the classes with the

---

[1]    The Advisory Committee Notes to the 2009 amendments to Rule 15 recognize that the right to amend within 21 days of receipt of a Motion to Dismiss "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Further, "[t]he responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading." *Id.* As mentioned, Plaintiff never had the opportunity to amend in response to a Motion to Dismiss or pleading.

proper notice of repossession and disposition of collateral required by New Jersey and New York law.

4.    Valley's notices to New York borrowers was misleading as to the borrowers' rights under New York law.

5.    Valley's notices to New Jersey borrowers failed to accurately describe the secured party, and failed to state the accurate amount needed to redeem.

6.    Because self-help repossession is effected without judicial authorization or oversight, the UCC requires secured creditors like Valley to adhere strictly to the Code's notice requirements.

7.    Failure to provide proper notice of repossession and disposition of repossessed consumer goods is a violation of the Code that yields uniform statutory minimum damages without evidence of harm for Plaintiffs and the classes they seek to represent.

## II.    PARTIES

8.    Plaintiff Asia Sheridan is a consumer who resides in Trenton, NJ.

9.    Plaintiff Shanema Davis is a consumer who resides in Yonkers, NY.

10.    Defendant Valley National Bank is a national bank with a principal place of business in Morristown, New Jersey.  Valley also maintains other locations in New Jersey.

11.    Valley regularly extends vehicle financing to consumer borrowers in New Jersey and New York.

12.    Valley also has branches and offices in the state of New York. Valley finances the purchase of many motor vehicles for consumers in – and repossesses vehicles in – the state of New York.

## III.    STATEMENT OF CLAIM

*Ms. Sheridan's Experience*

13.    On or about June 29, 2017, Plaintiff Sheridan financed the purchase of a used 2015 Kia Sorento through a car dealer, which took a security interest in the vehicle pursuant to a Retail Installment Sale Contract ("RISC").

14.    Under the RISC, Valley was the lender and secured party to which monthly payments of $337.79 were required to be made over the course of seventy-two months.

15.    Valley has or had one or more related but separate corporate entities to whom it would assign RISCs either before or after default.

16.    One of these related but separate corporate entities was VNB Loan Servicing, Inc. VNB has or had a principal office in Chestnut Ridge, New York.

17.    In or about June 2019, Valley declared a default for untimely payment.

18.    In or about June 2019, Valley or VNB, as the secured party, repossessed Plaintiff Sheridan's vehicle or ordered that it be repossessed.

19.    On or about June 11, 2019, Sheridan was sent a letter on the letterhead of VNB Loan Services, Inc. of Chestnut Ridge NY entitled Notice of Our Plan to Sell Property ("Notice").

20.    New Jersey law requires a prompt post-repossession notice to the borrower advising, among other things, of the repossession and the borrowers' post-repossession rights.

21.    A post-repossession notice was sent to Sheridan, and other members of the class, on the letterhead of VNB Loan Servicing, Inc. The Notice states that VNB is a "subsidiary" of Valley National Bank.

22.    The subsidiary, VNB, is an entity that is separate and distinct from its parent, Valley.

23.     The Notice states "We have repossessed the vehicle identified above because you broke promises in our agreement."

24.     New Jersey's Uniform Commercial Code requires that following the repossession of consumer goods, the lender must send prompt notice to the borrower that, among other things, "describe the debtor and the secured party."  N.J.S.A. 12A:9-614(1)(A), 12A:9-613(1)(A).

25.     VNB, in its New Jersey Notice, fails to describe the secured party, as required by statute. The Notice is confused and ambiguous as to what entity is the secured party, what entity ordered the repossession, and what entity at the time of notice had custody and control of Plaintiff's vehicle.

26.     The Sheridan RISC at Paragraph 2e provides: "**How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem…"

27.     The post-repossession Notice sent to Sheridan listed a partial amount, but excluded known sums required to be paid to redeem, including daily interest and daily storage fees.  The Notice did not advise the borrower "how much to pay to redeem" while requiring the borrower, in order to "get the property back…before we sell it" to pay "us the full amount you owe…"

28.     While minor or unforeseen charges may occur, known or readily knowable sums such as the daily charge for interest and the "daily storage fees" should have been disclosed to the borrower in the Notice.

29.     The Notice was thereby inadequate and misleading with respect to the borrower's rights.

30.    Valley sent or caused to be sent the same or substantially similar forms of repossession notice to consumers across New Jersey.

***Ms. Davis's Experience***

31.    On or about October 1, 2019, Plaintiff Davis financed the purchase of a used 2017 Chevrolet Trax for her own personal use through Valley, which took a security interest in the vehicle pursuant to a Retail Instalment Contract ("RIC").

32.    Under the RIC, Valley was the lender and secured party to which monthly payments of $303.64 were required to be made over the course of seventy-two months.

33.    In or about October 2023, Valley declared a default for untimely payment.

34.    In or about October 2023, Valley, as the lender and secured party, repossessed Plaintiff Davis's vehicle or ordered that it be repossessed.

35.    New York law requires a prompt post-repossession notice to the borrower advising of, among other things, the repossession and the borrowers' rights.

36.    On or about October 2, 2023, Valley issued to Ms. Davis a Notice of Our Plan to Sell Property ("NY Notice").

37.    The Davis RIC provides, at Parag 2e: "**How you can get the vehicle back if we take it.**  If we repossess the vehicle, you may pay to get it back.  If two things are true, you have the right to get the vehicle back by paying all past due payments, any late charges, and any expenses we incurred… (reinstate)."  "First, you must have bought the vehicle primarily for personal, family, or household use. Second, your only default is a failure to pay an instalment payment on time."

38.    New York law likewise requires that the secured party permit the borrower to get her repossessed car back by making (only) the past-due payments plus repossession expenses. This is called a right of reinstatement.

39.    The NY Notice is misleading with respect to Ms. Davis's right to get her car back by advising her, and the members of the putative class who were sent the NY Notice that "You can get the property back at any time before we sell it **by paying us the full amount you owe (not just the past due payments)**, including our expenses." (emphasis added).

40.    The NY Notice misstates and misrepresents Ms. Davis's and the putative class's right to reinstate by requiring payment of the full accelerated loan balance rather than a much lesser sum required only to catch-up on past due payments.

41.    Valley sent or caused to be sent the same or substantially similar forms of repossession notice to consumers across New York.

### *Statutory Damages*

42.    Plaintiffs do not claim any damages or downstream consequences from the Bank's failure to send proper Notice.

43.    Indeed, no damages need be proved for violation of the UCC's post-repossession notice requirements, as the UCCs of New Jersey and New York each allow a debtor in a consumer goods transaction such as this to recover minimum damages of not less than the credit service charge plus 10% of the principal amount of the obligation, without evidence of harm. N.J.S.A. 12A:9-625(c); NY UCC 9-625(c).

44.    The statutory damages are derived from a simple, straightforward and uniform arithmetic calculation.

45.    The two figures needed for the statutory damage calculation are plainly visible on and determinable from the face of the consumer's finance agreement.

IV.    **CLASS ALLEGATIONS**

46.    Plaintiffs bring this action on their own behalf and on behalf of New York and New Jersey classes designated pursuant to Federal Rule of Civil Procedure 23.

47.    Plaintiffs propose to define the "NY Class" as All Persons:

(a)  who purchased and financed a motor vehicle primarily for personal, family, or household purposes;

(b)  who entered into a motor vehicle installment contract that pledged the motor vehicle as collateral;

(c)  where such contract was extended by Valley or assigned to Valley;

(d)  from whom Valley, as secured party, repossessed the collateral or ordered it to be repossessed on account of a default for failure to make timely installment payment;

(e)  who had a New York address as of the date of repossession;

(f)  in the period commencing April 1, 2018 through the date of class certification.

48.    Plaintiffs propose to define the "NJ Class" as All Persons:

(a)  who purchased and financed goods primarily for personal, family, or household purposes;

(b)  who entered into a contract that pledged the goods as collateral;

(c)  from whom Valley, as secured party, repossessed the collateral or ordered it to be repossessed;

(d)  who had a New Jersey address as of the date of repossession;

(e)  in the period commencing April 1, 2018 through the date of class certification.

49.     The Classes are so numerous that joinder of all members is impractical. Valley represents that there are at least 403 members of the NY Class, not including coborrowers, and at least 705 members of the NJ Class, not including coborrowers.

50.     There are questions of law or fact common to the classes.  These include, but are not limited to, the following:

> (a)     Whether Plaintiff Davis and the NY Class obtained financing for motor vehicles bought as consumer goods and pledged the motor vehicle as collateral pursuant to a motor vehicle installment contract;

> (b)     Whether Plaintiff Sheridan and the NJ Class obtained financing for consumer goods and pledged the goods as collateral pursuant to a contract;

> (c)     Whether Valley repossessed the collateral or ordered it to be repossessed;

> (d)     Whether Valley failed to send proper notice of disposition of collateral, as called for under the UCC, to Plaintiff Davis and the NY Class;

> (e)     Whether Valley failed to send proper notice of disposition of collateral, as called for under the UCC, to Plaintiff Sheridan and the NJ Class; and,

> (f)     The uniform statutory damages provided for such misconduct.

51.     The claims of the Plaintiffs are typical of those of the class.  All are based on the same factual and legal theories.  All class members financed consumer goods through Valley and pledged their goods as collateral.  Valley declared a default on all.  All class members were sent an improper form post-repossession notice.

52.     Plaintiffs will fairly and adequately protect the interests of the class.   Plaintiffs have no interests antagonistic to those of the class.

53.     Plaintiffs' counsel is competent and experienced in consumer class actions and has been certified as class counsel in this Court and many others.

54.     The questions of law and fact common to the class predominate over any questions affecting only individual members.

55. This class action is the superior way to adjudicate this controversy and prosecution of several separate actions by the members of the class would create a risk of inconsistent or varying adjudications.

56. This class action provides a fair and efficient method for adjudication of the controversy.

57. The class members are consumer debtors who may be unable to locate or afford to hire lawyers, particularly in light of the size of any individual recovery.

58. The class size, and any trial would be readily manageable.

### COUNT I
### (NEW JERSEY – UNIFORM COMMERCIAL CODE)

59. Plaintiffs incorporate the paragraphs above as if they are fully set forth herein.

60. Defendant has violated New Jersey's UCC by failing to send appropriate notice of disposition of collateral in violation of N.J.S.A. 12A:9-614, 9-611(b).

**WHEREFORE**, Plaintiff Asia Sheridan prays that this Court certify the matter as a class action, appoint Plaintiff as class representative and appoint her counsel as class counsel for the NJ Class, and enter judgment for Plaintiff Sheridan and the NJ Class for:

    (a) Statutory damages as provided by the UCC with interest;

    (b) Other and further relief as may be deemed just and proper.

### COUNT II
### (NEW YORK – UNIFORM COMMERCIAL CODE)

61. Plaintiffs incorporate the paragraphs above as if they are fully set forth herein.

62. Defendant has violated New York's UCC by failing to send appropriate notice of disposition of collateral in violation of NY UCC §§ 9-614, 9-611(b).

**WHEREFORE**, Plaintiff Shanema Davis prays that this Court certify the matter as a class action, appoint Plaintiff as class representative and her counsel as class counsel for the NY Class, and enter judgment for Plaintiff Davis and the NY Class for:

(a) Statutory damages as provided by the UCC with interest;

(b) Other and further relief as may be deemed just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand trial by jury as to all issues in the above matter.


Date: <u>January 16, 2025</u>                    <u>*/s/ Cary L. Flitter*         </u>
                                          CARY L. FLITTER
                                          ANDREW M. MILZ
                                          JODY T. LÓPEZ-JACOBS
                                          **FLITTER MILZ, P.C.**
                                          1814 East Route 70, Suite 350
                                          Cherry Hill, NJ 08003
                                          (856) 396-0600

                                          *Attorneys for Plaintiffs and the Classes*

## CERTIFICATE OF SERVICE

I, CARY L. FLITTER, certify that a true and correct copy of the foregoing Second Amended Class Action Complaint is being filed with the Court's ECF System, which automatically generates and sends notice of this electronic filing to counsel of record for Defendant.


Date:  1/16/2025                                   */s/ Cary L. Flitter*_____
                                                   CARY L. FLITTER